UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Travis Porter, | ) | C/A No. 5:15-cv-03054-GRA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Sgt. L. Smith, and | ) | |
| Sgt. C. B. Washington, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

James Travis Porter ("Plaintiff") is an inmate at the Ridgeland Correctional Institution who alleges that he was stabbed "three times" (in his face, chest, and back) by a fellow inmate with a handmade knife when he was being "escorted back to [his] cell on SMU." Compl. 3, ECF No. 1.[1] He alleges that the other inmate was not placed in handcuffs "as policy states" that inmates must be when they are moved around in the SMU, and that Defendants were the corrections officers who were involved in moving Plaintiff and the other inmate. *Id*. He asks this court to do "the right thing" because he "could have lost [his] life," and asks for damages in the amount of $350,000.00. *Id*. at 5.

---

[1] "SMU" is an abbreviation for Special Management Unit.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made

of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of

1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*

*v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

*Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th

Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged

with liberally construing a complaint filed by a pro se litigant to allow the development of a

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is

evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v.*

*Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal

construction does not mean that this Court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of*

*Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the

Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. §

1915(e)(2)(B).

III.    Discussion

As an initial matter, even though a pro se plaintiff's pleadings are to be liberally

construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the

speculative level" and "state a claim to relief that is plausible on its face." *Slade v. Hampton*

*Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). It is settled that initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (citations omitted); *see Slade*, 407 F.3d at 248, 253-54 (pro se pleading dismissal affirmed where insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). Additionally, although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively

serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of

mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also

been described as the "objective component" and the "subjective component." *Wilson v. Seiter*,

501 U.S. 294, 298 (1991). The objective component examines the gravity of the alleged

deprivation, while the subjective component is the state of mind of the prison official(s) alleged

to have violated a plaintiff's rights. *See Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective

component of an Eighth Amendment claim challenging the conditions of confinement is satisfied

by a showing of deliberate indifference by prison officials. *See Farmer*, 511 U.S. at 834. The

*Farmer* Court stated that "deliberate indifference entails something more than mere negligence .

. . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm

or with knowledge that harm will result." *Id*. at 835. It requires that a prison official actually

know of and disregard an objectively serious condition, medical need, or risk of harm. *Id*. at 837;

*see Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (subjective component not shown where

no allegations that certain defendants knew of the alleged deprivation or could take action to

change medical official's orders "for [prisoner's] own protection"). According to the Fourth

Circuit Court of Appeals,

> "Eighth Amendment analysis necessitates inquiry as to [(1)] whether the prison
> official[s] acted with a sufficiently culpable state of mind (subjective component)
> and [(2)] whether the . . . injury inflicted on the inmate was sufficiently serious
> (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (internal
> quotation marks omitted); *see Hudson v. McMillian*, 503 U.S. 1, 6-10 (1992)
> (discussing subjective and objective components); *Whitley v. Albers*, 475 U.S.
> 312, 321 (1986) (setting forth factors to assist courts in assessing subjective
> component), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34
> (2010).

*Bacon v. Wood*, No. 15-6073, 2015 WL 3973946, at *1 (4th Cir. July 1, 2015) (reversing a

summary judgment for defendants in a prison excessive-force claim).

Plaintiff's Complaint fails to state a plausible federal claim. His minimal factual allegations about being stabbed by a fellow inmate while being transported in Ridgeland Correctional Institution's SMU area, though sufficient to support the objective component, are not sufficient to support the required subjective component of an Eighth Amendment claim under 42 U.S.C. § 1983.[2] The allegations do not support an inference that either Defendant was deliberately indifferent to Plaintiff's safety because there are no facts showing that either officer was aware of propensity of the other inmate to attack Plaintiff or that either officer encouraged or intentionally facilitated the attack. Although Plaintiff alleges that the other inmate was not handcuffed in violation of "policy," ECF No. 1 at 3, such allegations do not state a plausible constitutional-violation claim against Defendants. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under the Fourteenth Amendment); *see also Scott v. Hamidullah*, No. 05-3027, 2007 WL 904803, at *5 n.6 (D.S.C.  Mar. 21, 2007) (citing *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)); *Johnson v. S.C. Dep't of Corr.*, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.").

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Section 1983 is the most common avenue by which prison conditions claims are raised in this court. No other plausible basis for the exercise of subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

At most, Plaintiff's allegations support an inference of negligence on Defendants' part. However, negligence is not actionable as a federal claim pursuant to § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989) (federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care—such as those involved in negligence actions—arising under state law). Although negligence claims may be heard by this court under its diversity jurisdiction, Plaintiff's allegations do not support application of diversity jurisdiction in this case because it appears that Plaintiff and both Defendants are residents of South Carolina. *See, e.g., Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (the complete diversity rule requires that, to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (same).

IV.    Recommendation

Accordingly, because Plaintiff fails to state a plausible claim for relief that this court may consider, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 15, 2015                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).